IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | Case No. 3:21-CR-314(MAD) |
| WILLIAM L. MARSHALL, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the court sentence the defendant to 33-months imprisonment, a two–year term of supervised release, forfeiture of items set forth in the Information, a fine in the amount of $35,000.00, and a $200 special assessment.

The defendant, a convicted drug felon, possessed a loaded .380 caliber semiautomatic pistol and ammunition (count 1), and a quantity of marijuana with intent to distribute it (count 2). The defendant has a prior criminal history that includes a convictions after trial for six (6) offenses including New York State's most serious felony drug offense (PSR paragraph 31). Consequently, the Court should impose a significant term of imprisonment in this case.

**I**

**INTRODUCTION**

On February 15, 2022, the defendant entered a guilty plea to a two-count Information charging Possession of a Firearm and Ammunition by a Convicted Felon, in violation of Title 18,

United States Code, Sections 922(g)(1), and Possession with Intent to Distribute a Controlled Substance (marijuana), in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D). The defendant also admitted a forfeiture allegation. The defendant is scheduled to be sentenced on June 8, 2022, in Albany, New York.

## II
## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.   Statutory Maximum and Minimum Sentences**

The defendant's conviction for Possession of a Firearm and ammunition by a Convicted Felon, in violation of Title 18, United States Code, Section 922 (g) (1) subjects him to a maximum term of 10 years imprisonment, a fine of up to $250,000.00, and a term of supervised release of up to 3 years. His conviction for Possession with Intent to Distribute a Controlled Substance (marijuana), in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D) subjects him to a maximum sentence of up to 5 years imprisonment, a fine of up to $250,000.00, and a term of supervised release of not more than 3 years. He also will forfeit a firearm, ammunition, and $37,064.00 in U.S. currency,

**2.   Guidelines Provisions**

a) The Presentence Investigation Report indicates that the base offense level is 14, and the adjusted offense level is 20 (PSR paragraphs 17 through 23).

b) The government will recommend a 2-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(a) if, (i) through the time of sentencing, the government is convinced that the defendant has demonstrated "acceptance of responsibility" for the offense(s) to which the defendant is pleading guilty

and all relevant conduct, as defined in U.S.S.G. § 1B1.3; and (ii) the government does not determine that the defendant, after signing this agreement, committed any other federal, state, or local crimes, or engaged in conduct that constitutes "obstruction of justice," as defined in U.S.S.G. §3C1.1.

3. **Criminal History Category**

According to the presentence report, the defendant's criminal history category is II (PSR paragraph 34). The United States agrees with the Probation Office's determination of the defendant's criminal history category. It should be noted that the defendant's prior felony conviction involved the possession with intent to distribute of two (2) kilograms of cocaine (PSR paragraph 31). Despite his prior felony conviction, a lengthy state prison sentence, and drug therapy, the defendant has again engaged in felony level drug related crime, this time accompanied by a felony firearms offense.

4. **Guidelines Range and Sentence**

The Presentence Report suggests that, absent any departures, the federal sentencing guidelines as set forth advise that the defendant receive a sentence of 27 to 33 months imprisonment. The defendant, age 40, has been incarcerated since his arrest on August 18, 2021. The PSR notes that the defendant sold his residential apartment building to his uncle for $250,000.00 shortly after his arrest (PSR paragraph 58). Therefore, the United States requests the Court impose a fine of $35,000.00. As part of his guilty plea, the defendant will forfeit any interest he has in items set forth in the Information (PSR paragraph 3), being a firearm, ammunition, and $37,064.00 in U.S. currency.

**III**

**GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on all of the information before the Court, the government respectfully requests that the defendant be sentenced to 33 months imprisonment, a term of three (3) years of supervised release, forfeiture of the firearm, ammunition, and $37,064.00 in U.S. currency, and a $200 special assessment. The PSR notes that the defendant sold his residential apartment building to his uncle for $250,000.00 shortly after his arrest (PSR paragraph 58). Therefore, the United States requests the Court impose a fine of $35,000.00.

The defendant is an unrepentant recidivist who was previously convicted after trial of Criminal Possession of a Controlled Substance in the First Degree, in violation of New York State Penal Law, Section 220.21, a class A-1 felony (PSR paragraph 31) and other offenses. After his original sentence of 15 years in prison was reduced by retroactive changes in New York State law to 8 years, he was paroled in August 2007. His parole was revoked in November 2008 after he was arrested for driving while intoxicated, and he was re-paroled in February 2010.

William Marshall again finds himself convicted of a drug felony offense with the addition of possession of a stolen firearm as a convicted felon. It is obvious from the evidence found in his apartment that the defendant was garnering substantial income from his marijuana sales. (See attached exhibits A through I). This included marijuana in bulk form, $37,064.00 in U.S. currency, a loaded stolen Lorcin semiautomatic .380 caliber pistol, rubber gloves, and a false and fraudulent Connecticut Driver's License in the name of Andrew Daly.

4

As the Presentence Report notes, the defendant holds a bachelor's degree in American Studies and Political Theory from Cornell University (PSR paragraph 52). As the defendant admits, he has pursued marijuana sales in addition to obtaining rental income and working as a "self-employed construction project manager" (PSR paragraphs 14 and 54). The PSR provides no meaningful explanation as to why Mr. Marshall, with a degree from a highly prestigious university, rental property income, substantial self-employment income, and owning his own residence, engaged in the serious criminal activity that brings him before this Court for sentencing. His previous felony offenses were in 2001 when he was 19 years of age. The instant federal offenses occurred in 2021 when he was 39 years of age and after spending 8 years in state prison. Mr. Marshall deserves a substantial term of imprisonment for his continued violations of law in this case. For this reason, we request he be sentenced *at the top* of the guidelines range found in the Presentence Report.

As part of his guilty plea, the defendant will forfeit any interest he has in items set forth in the Information (PSR paragraph 3), being a Lorcin semiautomatic .380 caliber pistol firearm, ammunition, and $37,064.00 in U.S. currency. The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

### **18 U.SC. § 3553A Factors**

The defendant's prior criminal record, which includes a felony drug conviction, as well as his possession of a loaded pistol in this case, indicate that he is a danger to society and suggests a significant period of incarceration is appropriate. As an armed, two-time drug felon, the defendant should receive a sentence that deters him and others from engaging in this type of criminal activity,

5

promotes respect for the law and the federal judicial system, and serves as just punishment. The 33-month sentence urged herein will achieve these goals.

## CONCLUSION

The defendant should be held accountable for his actions in order to vindicate the spirit and letter of 18 U.S.C § 3553(a). For these reasons, we urge the Court to impose a sentence of 33 months incarceration, followed by three (3) years of supervised release, a $200 special assessment, and forfeiture of the defendant's interest in the items set forth in the Information, and a $35,000.00 fine.

Dated: May 24, 2022.                             Respectfully submitted,

                                              CARLA B. FREEDMAN
                                              United States Attorney

By:   */s/ Richard R. Southwick*
        Richard R. Southwick
        Assistant United States Attorney
        Bar Roll No. 506265