IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

                                             GOVERNMENT'S REPLY
                                             SENTENCING MEMORANDUM

        v.                                   Case No. 3:21-CR-314(MAD)

WILLIAM L. MARSHALL,

        Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUPPLEMENTAL SENTENCING MEMORANDUM OF THE UNITED STATES

### I.    Introduction

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its reply sentencing memorandum addressing matters raised in the *Defendant's Sentencing Memorandum*, filed on May 27, 2022 [Dkt. No. 45].

### II.    Argument

#### The *Defendant's Sentencing Memorandum* and the Presentence Report Have Incorrectly Characterized the Defendant's Firearm as "Unloaded."

The *Defendant's Sentencing Memorandum* at page 2, paragraph 2 (citing the Presentence Report at paragraph 9) has described the defendant's .380 caliber Lorcin semiautomatic pistol as "unloaded." In fact, the firearm contained a fully loaded seven (7) round magazine seated in the weapon. While it is conceded that when the firearm was seized pursuant to a search warrant by Ithaca Police it did not have a round *in the firing chamber*, it is incorrect to describe the firearm as

1

"not loaded." While most federal criminal statutes do not differentiate loaded from unloaded firearms, 49 U.S.C. Section 46505 criminalizes carrying a *loaded* firearm onto an aircraft and includes a definition:

> 49 U.S. Code § 46505 - **Carrying a weapon or explosive on an aircraft**
>
> (a)Definition.—
>
> In this section, "loaded firearm" means a starter gun or a weapon designed or converted to expel a projectile through an explosive, that has a cartridge, a detonator, or powder in the chamber, magazine, cylinder, or clip.

In similar, if not more expansive fashion, **New York State Penal Law Section 265.00(15)** says:

> "Loaded firearm" means any firearm loaded with ammunition or any firearm which is possessed by one who, at the same time, possesses a quantity of ammunition which may be used to discharge such firearm.

In this case, the defendant's possession of a stolen Lorcin .380 caliber semiautomatic pistol cannot be correctly characterized as "unloaded." The defendant was charged in Count 1 of the indictment with, and pled guilty to, possessing as a convicted felon *both* the firearm and the seven (7) live rounds of ammunition contained in the magazine.

The *Defendant's Sentencing Memorandum* at page 2, paragraph 2, also states referring to the firearm (citing Presentence Report paragraph 9), "*nor was there was any evidence of discharge*." In fact, there is no reference in the PSR as to whether the firearm had evidence of discharge or not. Whether the defendant fired the firearm frequently, or never at all, is not addressed in the PSR. However, in pleading guilty to possessing the firearm and ammunition contained in the magazine and given his statements to U.S. Probation about acquiring them because "he needed to protect

2

himself and his brother" (PSR paragraph 14), it is clear that Mr. Marshall was prepared to discharge the firearm if he deemed it necessary.

### The Defendant's Statements About the Sale of his Residence Resulting in No Proceeds Should Not Absolve Him from Paying a Fine as Part of His Sentence.

The defendant advises at page 6, paragraph 3, in his *Sentencing Memorandum* that he realized no proceeds of the sale of his residence for $250,000.00 as these were "dedicated to payment of Mr. Marshall's legal fees in both this case and in New York State Court." Land Title transfer documents from the Tompkins County Clerk's Office indicate that that both the Grantor, **416 Plain, an LLC**, and Grantee, **North Plain, LLC**, have a place of business at the law firm of Gutman and Reiter, 411 North Tioga Street, Ithaca, New York (Exhibit 1). The deed of transfer was signed by the incarcerated defendant on August 24, 2021, following his arrest on a federal criminal complaint on August 18, 2021, and directed to be sent after filing to the Gutman Law Firm in Ithaca. If the defendant voluntarily chose to divest himself of the substantial value of this most interesting real estate transaction in order avoid the payment of a fine or other legal obligation(s), the Court should take note of this in determining his sentence. Under these circumstances, a fine may still be appropriate and the defendant should have to document his heretofore unsupported claim that he received no proceeds from the sale.

### The Defendant's Letters of Support Are of Limited Value to the Court in Determining a Sentence for the Defendant.

The defendant has presented the Court with a number of letters from people who attest to his good character and past good deeds. In reviewing these letters, it is impossible not to note that none of the letters reference *in any specific way* the crimes for which the defendant has pled guilty and is awaiting sentencing. None of the letters refer to his possessing a firearm and ammunition as

a convicted felon, or $37,064.00 in drug proceeds, or the fact that he has returned to felony level illegal drug dealing. Most of the letters are from people who met the defendant through his participation in Cornell University's Prison Education Program (CPEP), where Mr. Marshall was described as having served as a board member. We leave it to the Court to determine both the value and the irony of these letters in the context of this case.

Dated: June 3, 2022.                    Respectfully submitted,

                                         CARLA B. FREEDMAN
                                       United States Attorney

                                       /s/ Richard R. Southwick
By: _____
                                       Richard R. Southwick
                                       Assistant United States Attorney
                                       Bar Roll No. 506265